**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIM. NO.  21-1530-M |
| ANDREW WOLF | : | |

<u>**GOVERNMENT'S MOTION FOR PRETRIAL DETENTION**</u>

The United States of America, by and through Jennifer Arbittier Williams, Acting United States Attorney for the Eastern District of Pennsylvania, and Kelly Harrell, Assistant United States Attorney for the District, hereby moves this Honorable Court to detain the defendant prior to trial because there are no conditions or combination of conditions that can reasonably assure the safety of the community or mitigate the risk of flight.

While employed as a middle and high school teacher, the defendant used the Internet to purchase and receive sexually explicit images of a 13-year-old boy with whom he was communicating on Instagram.  The defendant also amassed a collection of hundreds of images of child pornography, most of which depict boys in the exact age range of his students.  He maintained a social media presence on several platforms using a fake identity — impersonating a teenage girl— to gain additional access to minor boys.  The defendant also communicated online with other like-minded child predators, receiving images of child pornography from them, and even discussing his sexual interest in his own students with another individual who purports to be a teacher.

As a result of his conduct, the defendant faces a statutory maximum 40 years' imprisonment, and a mandatory minimum sentence of 5 years' imprisonment.  For all of these

1

reasons, and the reasons outlined below, the defendant is unable to rebut the statutory presumption that no combination of conditions will assure his appearance or the safety of the community, and he should be detained.

## A.  FACTS

In support of this motion, the government makes the following representations and proposed findings of fact:

### 1.  Probable Cause and the Evidence in this Case

There is probable cause to believe, based on the complaint and warrant signed by the Honorable Lynne A. Sitarski on October 7, 2021, that the defendant has committed the offenses of receipt of child pornography, in violation of 18 U.S.C. § 2252(a)(2), distribution and willfully causing the distribution of child pornography, in violation of 18 U.S.C. §§ 2252(a)(2) and (2)(b), and attempt to do so.  As a result, there is a rebuttable presumption, pursuant to 18 U.S.C. § 3142(e)(3)(E), that no condition or combination of conditions will assure the safety of the community and the defendant's appearance in court.

The evidence in this case is strong.  In July of 2021, the defendant used Instagram to contact a 13-year-old boy and buy self-produced images of child pornography from the boy.  The defendant paid the boy with a $100 PlayStation card, in exchange for receiving at least six sexually explicit images of the child.  These included videos of the naked child masturbating, dancing, and displaying his butt to the camera, along with a close-up video of the child masturbating and ejaculating.  When the child informed the defendant that he was 13 years old, the defendant responded, "How long have u been able to cum… Like how many months since ur first time."  When the child answered that it had been about three months, the defendant said,

"Cool," told the victim, "Dude u are so hot," and asked the child, "When did u get fucked and did u like it?"

The FBI discovered this conduct while investigating a NCMEC (National Center for Missing and Exploited Children) CyberTip that was initiated after another image of child pornography (a 7-minute long video depicting two minor boys, approximately 10 to 14 years old, masturbating each other and anally penetrating each other) was uploaded to the defendant's Dropbox account on June 29, 2021. The Dropbox account is registered to the defendant's school email address (awolf@sch.org) and was accessed from IP addresses linked to the defendant's residence and his place of employment at Springside Chestnut Hill Academy. After receiving the CyberTip, the FBI obtained a federal search warrant for the contents of the Dropbox account and, in addition to the image corresponding to the CyberTip, uncovered additional videos depicting currently unidentified minors engaged in sexually explicit conduct.

Within the defendant's Dropbox account, agents also located screen recordings and screenshots of the defendant's Instagram communications with the 13-year-old minor victim described above. This included a screen recording, which appeared to be taken with another device, and which showed an adult hand pressing play on a cell phone to play and record the video of the minor victim masturbating and ejaculating. This screen recording and several others contained Exchangeable Image File Format Data (EXIF) data that geolocated to the defendant's residence in Philadelphia, where he lived alone with a 6-month-old child. The EXIF data also indicates that the screen recordings were created using an Apple iPad Pro between July 6 and July 10, 2021. During the execution of the federal search warrant for the defendant's residence and person on October 7, 2021, the defendant admitted to operating this Dropbox account and told agents that he believed his account was shutdown because he violated the terms of service

related to pornography by uploading some "young looking" pornography he had received on Instagram.

Furthermore, the defendant continued to engage in child exploitation crimes until the time of his arrest on October 7, 2021. The preliminary forensic review of the defendant's cell phone[1]— seized from his person on October 7, 2021— reveals that the defendant used a password-protected Internet-based messaging application called Telegram to communicate with other like-minded child predators. As recently as October 6, 2021 at 8:14 p.m., the defendant used Telegram to receive/save a video depicting a minor boy, approximately 12 to 14 years old, pulling his underwear down and masturbating for the camera. The defendant began using Telegram as early as February 1, 2018. The defendant possessed hundreds of other sexually explicit images of children on his cell phone, the vast majority of which depicted minor boys between the ages of 10 and 14 years old.

The defendant used Telegram to communicate with another user known only as "Mr. Pickles," who also purports to be a teacher, about their shared sexual interest in minor boys, including their own students. For example, on September 11, 2021, after receiving a video of a 13-year-old masturbating from Mr. Pickles, the defendant responded, "That's some nice boy meat." Later on September 11, 2021, the defendant expressed to Mr. Pickles that he was disappointed to be returning to teaching after paternity leave, but would be "happy to see [his] boys of course."

---

[1] At least eight other electronic devices, including an Apple iPad— the device likely used by the defendant to record himself watching one of the videos he received on Instagram from the 13-year-old victim— were seized by the FBI during the execution of the search warrant and will be forensically examined.

Finally, the preliminary forensic review of the defendant's cell phone indicates that he is engaged in deceitful online activity to further his access to minor boys. The defendant's Instagram application on his cell phone included a profile photo of a teen girl, and the defendant follows many minor boys' accounts, including the minor victim. Similarly, the defendant appears to be misrepresenting himself as a teenage girl on other social media platforms, including Tik Tok, Snapchat, and Mail.com.

### 2.   Maximum Penalties

On just these two charges in the complaint and warrant, the defendant faces 40 years' imprisonment with a 5-year mandatory minimum term, 5 years up to a lifetime of supervised release, a $500,000 fine, a $200 special assessment, mandatory restitution pursuant to 18 U.S.C. § 2259, and if found to be non-indigent, an additional, mandatory $10,000 assessment pursuant to 18 U.S.C. § 3014, and up to a total of $70,000 in additional special assessments pursuant to 18 U.S.C. § 2259A. A preliminary estimation of the defendant's sentencing guidelines calls for a sentence far above the 5-year mandatory minimum, in the range of 210 to 262 months' incarceration.

The investigation of the defendant's child exploitation activities is ongoing, and he may very well be charged with additional offenses which would increase the maximum and mandatory minimum penalties.

### 3.   Criminal History

If convicted, the defendant faces a 5-year mandatory minimum sentence, having never before served a prison sentence. This provides ample incentive to flee.

**4.** **Employment/Community Ties**

At the time the defendant committed the child exploitation crimes described above, he was employed as a middle and high school teacher at an elite private school, teaching and maintaining daily access to the exact age range of boys to whom he is clearly sexually attracted. He reported to Pretrial Services that he was employed at the school for 18 years prior to his arrest. Based on photographs observed by FBI agents in the defendant's Dropbox account, he was trusted to chaperone overnight school trips and off-campus field trips and events, such as accompanying children to Phillies' games. Some of these photos of students, while not pornographic in nature, appear to have been surreptitiously taken by the defendant, suggesting that he had an interest in photographing students without their knowledge and maintaining the photos for himself. The FBI continues to review the contents of this account.

The defendant held a position of trust and authority over children and was someone that parents, school administrators, and the general public trusted to be responsible on a daily basis for children's safety, well-being, and education. Instead, the defendant has a sexual interest in the very age range of boys he teaches. He used the Internet to personally sexually exploit at least one identified minor by causing him to produce videos of himself masturbating in exchange for a PlayStation card, in addition to the hundreds of other boys depicted in the images in the defendant's child pornography collection, whose images the defendant has received from other like-minded child predators.

Significantly, the defendant has not limited his online child sexual exploitation activity to the online world, but also has engaged in sexually explicit communication about his own students on Telegram with another purported pedophile teacher. The defendant also engages in deceitful online activity, misrepresenting his identity as a teenage girl in various social media

applications, rather than the adult 41-year-old man that he is, in a clear attempt to gain access to more minor boys.

**B.    LEGAL ARGUMENT**

Pursuant to 18 U.S.C. § 3142(e)(3)(E), there is a rebuttable presumption in favor of detention for individuals who, like this defendant, are charged with violating 18 U.S.C. § 2252(a)(2). This presumption is based in part on the Congressional determination that "sex offenders and child molesters are four times more likely than other violent criminals to recommit their crimes." *Comments of Chairman Lemar Smith*, H.R. Rep. 5422; *See also United States v. Farris*, 2008 WL 1944131 (W.D. Pa. 2008).

The dangers surrounding these types of offenses are widely recognized. *See McKune v. Lile*, 536 U.S. 24, 33 (2002) (emphasizing Department of Justice and Federal Bureau of Investigation statistics reflecting substantially increased likelihood of repeat arrests for sex offenders); *United States v. Pugh*, 515 F.3d 1179, 1199 (11th Cir.2008) (discussing influence of sexual offender recidivism in passage of various provisions in the PROTECT Act); *Report of Chairman Sensenbrenner*, H.R. Rep. 107-527, on amendment of 18 U.S.C. § 3583 (expressing congressional determination that "sex offenders and child molesters are four times more likely than other violent criminals to recommit their crimes" and referencing studies and findings documenting (1) a significantly higher rate of recidivism among sexual predators, (2) the number of undetected offenses which such individuals actually commit and (3) the psychological impact such offenses have on the victims); *Doe v. Bredesen*, 507 F.3d 998, 1006 (6th Cir.2007) (noting the legislative findings in numerous states passing sex offender registration systems reflecting the "undisputed high risk of recidivism" by such sex offenders). A defendant may rebut the presumption of pretrial detention by presenting "some credible evidence" that he will not pose a

threat to the community upon her release. *United States v. Carbone*, 793 F.2d 559, 560 (3d Cir. 1986).

The defendant poses a clear danger to children in the community, and there is no condition or combination of conditions that could assure the safety of the community if he is released. Even a condition that prohibits the defendant from having contact with minor children would not adequately assure the safety of children in the community if the defendant is released because there is no way to effectively monitor his compliance with such a condition. Only a 24-hour watch by the Bureau of Prisons can ensure the safety of the community and children, in particular, from the defendant.

Furthermore, there is no way to effectively monitor this defendant's online access to children and other sexual predators, for the following reasons:

(1)     Access to the internet is possible through desktop and laptop computers, cell phones, iPods, iPads, and even gaming devices. There is no way to prevent the defendant from purchasing or using an Internet accessible device without the knowledge of Pretrial Services.

(2)     Storage devices can range in size, down to the size of a postage stamp, making it impossible for a Pretrial Services officer to locate. There is no way to prevent the defendant from obtaining any storage medium, and no amount of supervision that would detect it in his home or elsewhere.

(3)     There is no way to monitor whether the defendant will access the Internet – and child pornography and/or communication with minors about sexual activity – using a public library's computers, using family members' or friends' electronic equipment, or Internet access at any other location, given that there is free WiFi access from any number of public places.

(4)     Even if this Court were to order that computer monitoring software be installed on the defendant's home computer(s), there would be no way to detect if he were to subvert the computer monitoring software by simply inserting a device with its own operating system into the computer being monitored, thereby bypassing the monitoring software altogether. The defendant's activities would be completely undetected, and the Pretrial Services officer – and this Court – would instead be issued a report that the defendant is in "compliance."

8

It is difficult to conceive of any supervision that would detect the defendant's criminal activities. Pre-Trial Services is limited to inspection of items that are in plain view of the officers. Nor is Pretrial Services permitted to seize electronic evidence. "The ubiquitous presence of the internet and the all-encompassing nature of the information it contains are too obvious to require extensive citation or discussion." *United States v. Schenberger*, 498 F.Supp.2d 738, 745 (D. N.J. 2007) ("This Court is not persuaded that meaningful assurances can be given that defendant's access to the internet can be stopped. Even if the defendant could somehow be prohibited from creating, viewing, or exchanging images of child pornography, it is difficult to conceive of measures that could confidently assure that defendant would not communicate with others and encourage the distribution of child pornography and related illicit activities."); *See also United States v. Voelker*, 489 F.3d 139, 145 (3d Cir.2007) (finding detention appropriate for a defendant charged with distributing and receiving child pornography, based on the dangers associated with child pornography offenses and the difficulty to effectively monitor understanding the accessibility of the Internet.)

Additionally, while Pretrial Services ordinarily conducts monthly residence checks of pre-trial defendants released on electronic monitoring, in light of the current COVID-19 situation, Pretrial Services continues to limit their in-person residence visits. This further reduces any chance that the defendant can be effectively monitored in the community because it will be impossible to ascertain whether he is compliance with any conditions of release. Accordingly, the Government requests that the defendant remain in custody pending trial.

The defendant poses a clear danger to children in the community, and there is no condition or combination of conditions that could assure the safety of the community if he is released. While employed as a teacher, the defendant sexually exploited a 13-year-old child on

9

the Internet, engaged with a community of individuals interested in the sexual abuse and exploitation of children, and received child pornography from them. Through his online impersonation of a teenage girl, he has already demonstrated that he is willing to engage in deceit to get what he wants— access to boys – which suggests he would be even more difficult to monitor on pretrial release. There is simply no way to adequately monitor this defendant should he be released, nor any way to ensure compliance with any conditions this Court may impose, to eradicate the danger he poses to children in the community. Only a 24-hour watch provided by the Bureau of Prisons will ensure that the defendant does not endanger the public.

Moreover, prison is a certainty for this defendant if convicted of these crimes– he faces a mandatory minimum of 5 years' imprisonment, and sentencing Guidelines call for a far higher sentence. The anticipation of this severe sentence and the ongoing investigation, which may very well result in additional charges, give him every incentive to flee, knowing that he will spend a significant period of time in prison. In addition, the prospect of this lengthy prison sentence makes him even more of a danger to children in the community, knowing that his release on bail may be the last time he is free in many years.

C.    <u>**CONCLUSION**</u>

For all of these reasons, the defendant cannot rebut the presumption under 18 U.S.C. § 3142(f)(1)(E) that no condition or combination of conditions will reasonably assure his presence for trial or the safety of the community.

WHEREFORE, the government respectfully requests the Court to detain this defendant prior to trial.

Respectfully submitted,

JENNIFER ARBITTIER WILLIAMS
Acting United States Attorney


*/s/ Kelly Harrell*
KELLY HARRELL
Assistant United States Attorney

11

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA       :

     v.                          :          **CRIM. NO.  21-1530-M**

ANDREW WOLF               :

## <u>PRETRIAL DETENTION ORDER</u>

AND NOW, this _____ day of October, 2021, after an evidentiary hearing and argument of counsel for the government and the defendant, the Court finds that:

     (a)     the government has proved by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of the defendant as required; and

     (b)     the government has proved by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of other persons and the community, as required by Title 18, United States Code, Section 3142(e) and (f)(1)(E).

The Court makes the following findings of fact:

This case is appropriate for detention under Title 18, United States Code, Section 3142(e) and (f)(1)(E) because:

     (a)      There is probable cause to believe, based on the complaint and warrant signed by the Honorable Lynne A. Sitarski on October 7, 2021, that the defendant has committed the offenses of receipt of child pornography, in violation of 18 U.S.C. § 2252(a)(2), distribution and willfully causing the distribution of child pornography, in violation of 18 U.S.C. §§ 2252(a)(2)

1

and (2)(b), and attempt to do so.  As a result, there is a rebuttable presumption, pursuant to 18

U.S.C. § 3142(e)(3)(E), that no condition or combination of conditions will assure the safety of

the community and the defendant's appearance in court.

      (b)     The evidence in this case is strong.  In July of 2021, the defendant used Instagram

to contact a 13-year-old boy and buy self-produced images of child pornography from him.  The

FBI discovered this conduct while investigating a NCMEC (National Center for Missing and

Exploited Children) CyberTip that was initiated after another image of child pornography was

uploaded to the defendant's Dropbox account on June 29, 2021.  The Dropbox account is

registered to the defendant's school email address (awolf@sch.org) and was accessed from IP

addresses linked to the defendant's residence and his place of employment at Springside

Chestnut Hill Academy.  After receiving the CyberTip, the FBI obtained a federal search warrant

for the contents of the Dropbox account and, in addition to the image corresponding to the

CyberTip, uncovered additional videos depicting currently unidentified minors engaged in

sexually explicit conduct.

      Within the defendant's Dropbox account, agents also located screen recordings and

screenshots of the defendant's Instagram communications with the 13-year-old minor victim and

the defendant's receipt of sexually explicit videos from him.  Several of these screen recordings

contained Exchangeable Image File Format Data (EXIF) data that geolocated to the defendant's

residence in Philadelphia, where he lived alone with a 6-month-old child.  The EXIF data also

indicates that the screen recordings were created using an Apple iPad Pro between July 6 and

July 10, 2021.

      During the execution of the federal search warrant for the defendant's residence and

person on October 7, 2021, the defendant admitted to operating this Dropbox account and told

agents that he believed his account was shutdown because he violated the terms of service related to pornography by uploading some "young looking" pornography he had received on Instagram.

The defendant continued to engage in child exploitation crimes until the time of his arrest on October 7, 2021.  The preliminary forensic review of the defendant's cell phone reveals that as recently as October 6, 2021 at 8:14 p.m., the defendant received/saved a video of child pornography on the application Telegram.  The defendant possessed hundreds of other sexually explicit images of children on his cell phone, the vast majority of which depicted minor boys between the ages of 10 and 14 years old.  The defendant used Telegram to communicate with another user who purported to be a teacher, as well, about their shared sexual interest in minor boys, including their own students.   The preliminary forensic review of the defendant's cell phone also indicates that he is engaged in deceitful online activity to further his access to minor boys.

(c)      If convicted, the defendant faces up to 20 years' incarceration with a 5-year mandatory minimum term, 5 years up to a lifetime of supervised release, a $250,000 fine, a $100 special assessment, mandatory restitution pursuant to 18 U.S.C. § 2259, and if found to be non-indigent, an additional, mandatory $5,000 assessment pursuant to 18 U.S.C. § 3014.

(d)      If convicted, the defendant faces a significant and certain period of time in prison, having never served a prison sentence.  This provides ample incentive to flee.

(e)      At the time the defendant committed the child exploitation crimes described above, he was employed as a middle and high school teacher at an elite private school, teaching and maintaining daily access to the exact age range of boys to whom he is clearly sexually attracted.  Based on photographs observed by FBI agents in the defendant's Dropbox account, he

was trusted to chaperone overnight school trips and off-campus field trips and events, such as accompanying children to Phillies' games. Some of these photos of students, while not pornographic in nature, appear to have been surreptitiously taken by the defendant, suggesting that he had an interest in photographing students without their knowledge and maintaining the photos for himself.

(f)     The strength and nature of the case against the defendant, combined with the fact that the defendant will be incarcerated for a mandatory minimum term of imprisonment of 5 years and a maximum of 40 years, establishes the defendant's danger to the community and increases the high risk that the defendant will not appear as required by the Court.

Therefore, IT IS ORDERED that the defendant be committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; that the defendant be afforded reasonable opportunity for private consultation with counsel; and that, on order of a Court of the United States, or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

BY THE COURT:

_____
HONORABLE RICHARD A. LLORET
United States Magistrate Court Judge

4

## <u>CERTIFICATE OF SERVICE</u>

I certify that a copy of the Government's Motion for Pretrial Detention, and

Proposed Order was served by e-filing and email on the following defense counsel:

Peter Bowers, Esq.
peter@peterbowerspc.com

*/s/ Kelly Harrell*
KELLY HARRELL
Assistant United States Attorney


Date: October 12, 2021