IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 21-1530-m |
| ANDREW WOLF | : | |

**GOVERNMENT'S UNOPPOSED MOTION FOR A PROTECTIVE ORDER
RELATING TO MINOR VICTIMS**

In accordance with Federal Rule of Criminal Procedure 16(d) (Discovery and Inspection) and 18 U.S.C. §§ 3509(d) (The Child Victims' and Child Witnesses' Rights Act) and 3771(a) (The Crime Victims' Rights Act), the government respectfully moves this Court for a Protective Order to prevent the dissemination of certain materials. Defendant's counsel has been contacted, and he does not oppose the government's motion.

**I.    Introduction**

On October 7, 2021, Andrew Wolf was charged in a federal complaint and warrant with receipt and attempted receipt of child pornography, in violation of 18 U.S.C. § 2252(a)(2), distribution and attempted distribution of child pornography, in violation of 18 U.S.C. § 2252(a)(2), and willfully causing the distribution of child pornography, in violation of 18 U.S.C. § 2(b). Investigation into the defendant's child exploitation crimes is ongoing.

The government and the defense also are involved in ongoing discussions regarding a potential pre-Indictment resolution of the case. On January 3, 2022, the Honorable Lynne A. Sitarski, United States Magistrate Judge, signed an order granting a second joint motion by the

1

government and defense to extend the time in which an indictment or information must be filed for a period of 60 additional days, to March 6, 2022.

On January 6, 2022, the FBI arrested Kray Strange in his hometown of Carthage, New York on a federal complaint and warrant issued in the Eastern District of Pennsylvania by the Honorable Marilyn Heffley, United States Magistrate Judge, on December 17, 2021 and docketed in 21-1890-m. Throughout 2020 and 2021, Strange and Wolf conspired to carry out an elaborate online child exploitation catfishing scheme, in which Strange impersonated a teen girl to target numerous minor male victims selected by Wolf, enticed them to produce sexually explicit images and share them with Strange who, in turn, shared them with Wolf via the social media messaging application Telegram. Strange and Wolf communicated via Telegram from at least as early as May 2020 until Wolf's arrest in October 2021, generating over 4,000 pages of Telegram communications between them (excluding the sexually explicit images exchanged between them), which were extracted from Wolf's cell phone pursuant to a federal search warrant.

The government intends to produce some discovery earlier than required, in order to facilitate its ongoing discussions with the defense. Consistent with the law and longstanding policy, the government seeks a protective order to redact minor victims' identifying information from public disclosure.[1] *See generally* 18 U.S.C. § 3509(d)(3)(A) (a court may issue an order

---

[1] The United States proposes that "identifying information" includes the victim's name, social security number, address, and telephone number. *See generally,* 18 U.S.C. § 3509(d)(3)(A); Fed.R.Crim.P. 49.1(a) (social security numbers, taxpayer identification numbers, birth dates, names of minors, financial account numbers, and home addresses); Rule Fed.R.Crim.P. 49.1(e) (for good cause, the court may by order in a case require redaction of additional information).

protecting a child from public disclosure of the name of or any other information concerning the child in the course of the proceedings if the court determines that there is a significant possibility that such disclosure would be detrimental to the child); 18 U.S.C. § 3509(d)(3)(B) (a court may issue a protective order that provides for any other measure that may be necessary to protect the privacy of the child); 18 U.S.C. § 3771 (victim has a right to be treated with fairness and respect for the victim's dignity and privacy).

The government requests that the Protective Order protect the dissemination of the more than 4,000 pages of Telegram conversations between the defendant and his co-conspirator, Kray Strange, which the government is willing to provide to defense counsel at this time. With respect to these items, the government proposes that this material (or any copies thereof) provided by the government to the defense:

(1) will not be copied, except to the extent needed as trial exhibits or as counsel's working copies;

(2) will not be shared outside of the defendant's counsel's office or with any person not employed by defendant's counsel;

(3) will not be provided to defendant, except that defendant's counsel may take materials to the defendant and show them to the defendant; and

(4) that defendant, defendant's counsel or any agent thereof, be prohibited from disseminating any of these materials or disclosing any information contained therein to anyone other than this Court and the parties to this case.

**II.     Argument**

As this case involves minor victims, the privacy protection measures required by the Child Victims' and Child Witnesses' Rights Act (the "Act"), 18 U.S.C. § 3509, apply. The Act defines a "child" as "a person who is under the age of 18, who is or is alleged to be ... a victim of

a crime of physical abuse, sexual abuse, or exploitation ... or a witness to a crime committed against another person." 18 U.S.C. § 3509(a)(2). The Act defines "sexual abuse" to include "the employment, use, persuasion, inducement, enticement, or coercion of a child to engage in…sexually explicit conduct." 18 U.S.C. § 3509(a)(8). The Act requires that certain measures be taken to protect the minor's privacy. Specifically, it provides as follows:

    (1)    Confidentiality of information –

        (A)    A person acting in a capacity described in subparagraph (B) in connection with a criminal proceeding shall –

            (i) keep all documents that disclose the name or any other information concerning a child in a secure place to which no person who does not have reason to know their contents has access; and

            (ii) disclose documents described in clause (i) or the information in them that concerns a child only to persons who, by reason of their participation in the proceeding, have reason to know such information.

        (B)    Subparagraph (A) applies to –

            (i) all employees of the Government connected with the case, including employees of the Department of Justice, any law enforcement agency involved in the case, and any person hired by the Government to provide assistance in the proceeding;

            (ii) employees of the court;

            (iii) the defendant and employees of the defendant, including the attorney for the defendant and persons hired by the defendant or the attorney for the defendant to provide assistance in the proceeding; and

            (iv) members of the jury.

Accordingly, the government seeks to prevent the dissemination of these Telegram communications as they contain identifying information for numerous minor victims. The

government is willing to provide a copy of these communications with the protections of the requested order.

Good cause exists for the government's request. These restrictions serve the compelling interest of "safeguarding the psychological well-being of a minor." *Globe Newspaper Co. v. Superior Court*, 457 U.S. 596, 604-05 (1982). If no protective measures are taken, and the minor victims' identities become known or publically discoverable, the minors may be unnecessarily traumatized. Further, the government will be able to provide defense counsel with a voluminous set of communications at an early stage of the case to facilitate discussions between the parties, while still safeguarding the important privacy interests of the minors involved. The requested protective order provides for the least intrusive means for protecting the minor victims' well-being while allowing defense counsel to receive and review the materials.

### III. Conclusion

For the reasons set forth above, the foregoing safeguards are necessary to ensure the privacy and welfare of the minor victims and, thus, the government respectfully moves this Court to enter the requested Protective Order.

    Respectfully submitted,

    JENNIFER ARBITTIER WILLIAMS
    United States Attorney


    */s/ Kelly Harrell*
    KELLY HARRELL
    Assistant United States Attorney

Dated: January 10, 2022

## CERTIFICATE OF SERVICE

I certify that a copy of the Government's Motion for a Protective Order and Proposed Order was served by e-filing and email on the following defense counsel:

>Arthur Donato, Esq.
>Peter Bowers, Esq.

>*/s/ Kelly Harrell*
>KELLY HARRELL
>Assistant United States Attorney

Date: January 10, 2022